# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MONTEL M. MCCLELLAND,**

        **Plaintiff,**

  v.

**GARY MOHR, et al.,**

        **Defendants.**

**Case No. 2:20-cv-5331**
**Judge Michael H. Watson**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Montel M. McClelland is an inmate at Northeast Ohio Correctional Center who is proceeding *pro se* against Defendants City of Steubenville and Michael Hyde. (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), Plaintiff's Motion to Appoint Counsel (Doc. 2), and the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915A, 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims. Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED as moot** as a result. Finally, the Clerk is **DIRECTED** to seal Exhibit A attached to Plaintiff's Complaint, which contains confidential personally-identifying information.

**I.**    **MOTION FOR LEAVE TO PROCEED** ***IN FORMA PAUPERIS***

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to

pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Northeast Ohio Correctional Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.  After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II.     LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

Plaintiff's claims stem from his December 2018 arrest in Jefferson County, Ohio. (*See generally* Doc. 1-1). Specifically, he alleges that Defendant Michael Hyde, a Steubenville, Ohio police officer, "arrested [him] pursuant to a complaint" but that Plaintiff "did not see or receive a copy of the complaint . . . until" December 27, 2018, after "sen[ding] a public record request to the Jefferson County Clerk." (*Id*. at 2–3). Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983, asserting he was:

> deprived . . . of his 4th, 8th, & 14th Amendment rights when he filed a criminal complaint without a factual justification to support the arrest warrant, thus the Deputy clerk or Magistrate could not have made an independent & neutral determination of probable cause for an arrest warrant under color of state law.

(*Id*. at 3).

Plaintiff's Complaint suffers from a fatal flaw: Section 1983 does not permit Plaintiff to challenge the fact or duration of his confinement. *Gary v. Shelby Cty. Gov't*, No. 218CV02756TLPTMP, 2020 WL 533185, at *7 (W.D. Tenn. Feb. 3, 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Rather,

3

"habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. This is true "'no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Gary*, 2020 WL 533185, at *7 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)).

That is the case here. Plaintiff alleges that "only a complaint was filed, without an affidavit," (Doc. 1-1 at 3), and the complaint lacked probable cause because it did not reflect Defendant Hyde's "personal knowledge . . . [or] indicate any source for his belief that Plaintiff committed a crime" (*id*. at 7). Ultimately, Plaintiff is alleging he should never have been arrested based on Defendant Hyde's complaint. (*See id*.). But "the merits of those claims would affect the validity of [Plaintiff's] conviction or sentence[.]" *Gary*, 2020 WL 533185, at *7 (citing *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. at 846). And since Plaintiff has not shown "'that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habaeas corpus[,]'" he may not pursue relief under § 1983. *Sinkovitz v. Wallace*, No. 2:18-CV-1262, 2018 WL 5784355, at *2 (S.D. Ohio Nov. 5, 2018), *report and recommendation adopted*, No. 2:18-CV-1262, 2018 WL 6182351 (S.D. Ohio Nov. 26, 2018), *aff'd*, No. 18-4205, 2019 WL 2403229 (6th Cir. Mar. 19, 2019) (quoting *Heck*, 512 U.S. at 486–87).

At bottom, "[i]f there are problems with the [complaint or probable cause supporting Plaintiff's arrest], [his] claims are more appropriate for habeas relief, not § 1983." *Gary*, 2020

WL 533185, at *7 (internal quotation marks omitted) (concluding that plaintiffs' § 1983 claim that defendants' use of a "rubber stamp procedure to indict them in state court without probable cause" was *Heck*-barred as it "challenge[d] the validity of [plaintiffs'] state court criminal proceedings"); *see also Bostic v. Tenn. Dep't of Corr.*, No. 3:18-CV-00562, 2018 WL 3539466, at *5 (M.D. Tenn. July 23, 2018) (finding that plaintiff's § 1983 claims "regarding the constitutionality of his continued confinement" were *Heck*-barred); *Albert v. Ohio Adult Parole Auth.*, No. 2:17-CV-701, 2017 WL 4310492, at *2 (S.D. Ohio Sept. 28, 2017), *report and recommendation adopted*, No. 2:17-CV-701, 2018 WL 1785491 (S.D. Ohio Apr. 13, 2018) ("[B]efore Plaintiff may seek money damages in a federal civil rights proceeding in which he appears to claim that the revocation of his conditional release on parole was unlawfully obtained, he must first show that [that decision] . . . has been overturned or set aside").

For these reasons, the Undersigned finds that Plaintiff has not stated a claim upon which relief may be granted against any of the named Defendants. Moreover, "[b]ecause, as noted above, Plaintiff['s] Complaint centers on matters . . . [he] can attack in the state criminal court process or through habeas relief, [Plaintiff] cannot cure the deficiencies in the [C]omplaint, [so] . . . leave to amend is not warranted here." *Gary*, 2020 WL 533185, at *7. The Undersigned, therefore, **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims. Plaintiff's request that the Court appoint him counsel in this case (Doc. 2) is, consequently, **DENIED as moot**. Finally, pursuant to 28 U.S.C. § 1915(a)(3), should the Court adopt the Undersigned's recommendation, the Undersigned **RECOMMENDS** that it certify that an appeal would not be taken in good faith.

## IV. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the

5

Court **DISMISS** Plaintiff's claims.  Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED as moot**.  Finally, the Clerk is **DIRECTED** to seal Exhibit A attached to Plaintiff's Complaint, which contains confidential personally-identifying information.

### **Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: October 15, 2020              /s/Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE